# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW MCDONALD, on behalf of D.M., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 09-186 Erie<br>) |
| AMY JONES and GREG PHILLIPS, of the Erie County Office of Children and Youth, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District Judge.

Plaintiff, Andrew McDonald ("Plaintiff"), who is preceding *pro se*, filed suit on July 30, 2009 against Amy Jones, the solicitor for the Erie County Office of Children and Youth ("OCY") and Greg Phillips, an OCY caseworker ("Defendants"), seeking to enjoin state court adoption proceedings based on an alleged improper denial of his paternity rights. Presently pending before the Court is the Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

## I. BACKGROUND

D.M. is the son of S.H. See Plaintiff's Brief [Doc. No. 18] Ex. G, Memorandum of Law p. 1. Based upon S.H.'s alleged drug use, the Erie County Court of Common Pleas ordered that D.M. be placed in foster care upon his birth. See Complaint [Doc. No. 2]; Plaintiff's Brief [Doc. No. 21], Ex. B, In the Matter of the Adoption of D.A.M., 376 WDA 2009 (Pa. Super. May 5, 2010) p. 4. OCY filed a dependency petition with regard to D.M., and the Plaintiff appeared at the detention hearing and asserted a claim of paternity. Plaintiff's Brief [Doc. No. 18] Ex. G, Memorandum of Law p. 2. In support of his paternity claim, the Plaintiff and S.H. completed a voluntary "Acknowledgement of Paternity" form, and forwarded same to the Pennsylvania

---

[1] The underlying facts are taken from the Plaintiff's Complaint, as well as the exhibits attached to the parties respective Briefs, which consist primarily of documents from the Erie County Court of Common Pleas proceedings. In ruling on a motion to dismiss, a district court may consider the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3rd Cir. 2007). This includes judicial proceedings. Id. ("judicial proceedings constitute public records ... [and] courts may take judicial notice of another court's opinions"); In re Congoleum Corp., 426 F.3d 675, 678 n.2 (3rd Cir. 2005).

1

Department of Vital Statistics. Plaintiff's Brief [Doc. No. 18], Ex. D, Motion for Emergency Relief ¶¶ 3-4. Thereafter, the Plaintiff was listed as the legal father of D.M. on the child's birth certificate. Id. at ¶ 10; Ex. I, Certificate of Birth.

Plaintiff subsequently filed a motion to dismiss the dependency proceeding, and on December 4, 2007, Erie County Court of Common Pleas Judge John Garhart entered the following order:

> 1. The Motion to Dismiss is **DENIED**. Mr. McDonald cannot establish paternity of the child in question by filing an acknowledgment of paternity. The law does not recognize that this is a valid way to establish paternity when the mother of the child is married to someone else. This Rule is not changed by Mr. McDonald's assertion that the husband did not have access to the mother during the period of conception. An acknowledgment of paternity is valid only when the mother of the child is unmarried. Since this is not the case, the Motion to Dismiss is denied.
>
> 2. Having denied the Motion to Dismiss, we will require Mr. McDonald to establish paternity by a blood test. This is in the process and the Court will await the results.
>
> 3. Mr. McDonald will be permitted to participate in the instant action because he is under consideration as the possible Father of the child. But he will not be given any access to the Court's files concerning [S.H.] or any matter that occurred in Court in other cases before the inception of this particular case. If he is determined not to be the Father, his access to the file will cease immediately. If he is determined to be the Father, he will have formal standing.
>
> 4. Determination of paternity by blood testing is ongoing. We anticipate results shortly. Until this is established, the Court is NOT going to grant visitation in any fashion with the child.
>
> • • •

Defendants' Ex. A [Doc. No. 14], In the Matter of D.M., Case No. CP-25-JV-1404-2007, Order of Judge Garhart. By Order dated December 17, 2007, Judge Garhart denied the Plaintiff's objection to paternity testing stating: "If Mr. McDonald wishes to contest the Court's Orders, he

may do so by filing an appeal." Plaintiff's Response [Doc. No. 21] Ex. D.[2] Plaintiff did not, however, appeal this order.

On February 13, 2008, Erie County Court of Common Pleas Judge William R. Cunningham entered an Order rescinding the Acknowledgement of Paternity form based upon fraud and material mistake of fact. Defendant's Brief [Doc. No. 9], Ex. B, Order of Judge Cunningham. Plaintiff thereafter filed a Motion for Emergency Relief, claiming that the Acknowlegement of Paternity established "conclusive evidence" of paternity and requested that D.M. be placed in his custody. Plaintiff's Brief [Doc. No. 18] Ex. D, Motion for Emergency Relief ¶¶ 12; 20. Following a hearing on the Motion, Erie County Court of Common Pleas Judge Elizabeth Kelly issued an Order denying the Plaintiff's motion. Plaintiff's Brief [Doc. No. 21] Ex. E, Order of Judge Kelly. No appeal was taken from that Order.

On May 8, 2008, the state trial court granted OCY's request that D.M. be placed for adoption. Defendant's Brief [Doc. No. 21] Ex. B, In the Matter of the Adoption of D.A.M., 376 WDA 2009 (Pa. Super. May 5, 2010) p. 5. OCY thereafter filed a petition to terminate the parental rights as to D.M., and on December 15, 2008 Judge Cunningham terminated S.H.'s parental rights. Defendant's Brief [Doc. No. 21] Ex. B, In the Matter of the Adoption of D.A.M., 376 WDA 2009 (Pa. Super. May 5, 2010) pp. 5; 7. This decision was affirmed by the Superior Court of Pennsylvania on May 5, 2010. Defendant's Brief [Doc. No. 21] Ex. B, In the Matter of the Adoption of D.A.M., 376 WDA 2009 (Pa. Super. May 5, 2010).

In his federal Complaint, the Plaintiff invokes this Court's jurisdiction on the grounds that "the lower [state] court refused to follow the rule of law/uniform parentage Act (sic) ... [d]enying Mr. McDonald's Constitution[al] right to be with his child." See Complaint [Doc. No. 2].[3] He alleges that the Defendants acted improperly in opposing his claim of paternity by falsely claiming that he had a "long criminal history" which caused the state court to order paternity

---

[2] A "Genetic Test Report" dated December 26, 2007, which the Plaintiff has attached as an exhibit in this matter, excluded the Plaintiff as the biological father of D.M., but the Plaintiff apparently contests the results of this report, stating that the report is "not correct and true." Defendant's Brief [Doc. No. 21] ¶ 5 and Ex. G, Genetic Test Report.

[3] I will presume that the Plaintiff is attempting to assert a substantive due process claim pursuant to 42 U.S.C. § 1983.

3

testing. Id. Plaintiff further alleges that under "Federal and State Laws" his voluntary Acknowledgement of Paternity was valid without the need for genetic testing. Id. Plaintiff contends that he has been deprived of the custody of his child and suffered "grievous loss" that "deserves extensive due process protection." Id. As relief, the Plaintiff requests that this Court enjoin any adoption proceedings relative to D.M. and that "jurisdiction" be transferred to Mississippi where he currently resides. Id. Defendants have moved to dismiss the Plaintiff's claim against them. This Court has jurisdiction pursuant to 42 U.S.C. § 1331.

## II. LEGAL STANDARD

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) challenges a court's power to hear the case. Mortensen v. First Federal Savings and Loan Assoc., 549 F.2d 884, 891 (3rd Cir. 1977). As the party asserting jurisdiction, the Plaintiff bears the burden of showing that his claims are properly before the Court. Development Finance Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3rd Cir. 1995). In deciding a Rule 12(b)(1) motion, a court must first determine whether "the attack on its jurisdiction is a facial attack or a factual attack." Van Tassel v. Lawrence County Domestic Relations Section, 659 F. Supp. 2d 672, 687 (W.D.Pa. 2009); aff'd, 2010 WL 3230608 (3rd Cir. 2010). A facial attack challenges the sufficiency of the plaintiff's pleadings. Petruska v. Gannon University, 462 F.3d 294, 302 n.3 (3rd Cir. 2006). When a defendant makes a facial attack, "a court must accept the allegations contained in the plaintiff's complaint as true." Van Tassel, 659 F. Supp. 2d at 687. Conversely, when a defendant makes a factual attack on the court's jurisdiction, the court does not attach a presumption of truthfulness to the plaintiff's allegations, and the existence of disputed material facts does not preclude the court from deciding for itself the jurisdictional issues raised in the motion to dismiss. Mortensen, 549 F.2d at 891; Van Tassel, 659 F. Supp. 2d at 687. A jurisdictional challenge based upon the Rooker-Feldman doctrine is a factual challenge to subject matter jurisdiction; therefore, the Court need not credit the Plaintiff's allegations. Waltour v. Child and Youth Services, __ F. Supp. 2d __, 2010 WL 2816659 at *5 (E.D.Pa. 2010).[4]

---

[4] Given the dispositive nature of the Defendants' jurisdictional challenge, it is unnecessary to address the Defendants' alternative theories.

4

## III. Discussion

I agree with the Defendants that the Court lacks subject matter jurisdiction to entertain the Plaintiff's claims in light of the Rooker-Feldman doctrine. The Rooker-Feldman doctrine[5] is based on the principle that the Supreme Court's "appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority ...." Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291 (2005). The Supreme Court made clear in Exxon Mobile that the doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile, 544 U.S. at 284. In essence, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision. Id. at 293.

The Third Circuit has set forth four specific requirements that are necessary in order for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgements'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3rd Cir. 2010). The first and third requirements are easily satisfied. Plaintiff's claims of paternity were rejected in state court and those rulings were rendered before he instituted the federal lawsuit.

The second requirement, namely, whether the plaintiff complains of injuries caused by the state-court judgments, "may also be thought of as an inquiry into the source of the plaintiff's injury." Id. at 166 (citing Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3rd Cir. 2006). In Great Western, the court posited the following hypothetical as an example of the type of claim that would satisfy the second prong of the Rooker-Feldman inquiry:

> Suppose a state court, based purely on state law, terminates a
> father's parental rights and orders the state to take custody of his

---

[5] The doctrine is named for two Supreme Court decisions, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

> son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

Great Western, 615 F.3d at 166-67 (quoting Holblock v. Albany County Board of Elections, 422 F.3d 77, 87 (2nd Cir. 2005)).

Here, the Plaintiff is similarly asserting an injury based upon state court rulings rejecting his claim of paternity. It is clear that the source of the Plaintiff's injury, namely, his failure to obtain custody of D.M., is grounded upon the state courts rulings. See e.g., Goodson v. Maggi, 2010 WL 1328687 at *13 (W.D.Pa. 2010) (finding second requirement met where plaintiffs were seeking redress for injuries caused, in part, by the state court judgments underlying custody, visitation and dependency matters).

The fourth requirement is satisfied as well, since the Plaintiff is inviting this Court to review and reject the state court judgments. "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court. Prohibited appellate review 'consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.'" Great Western, 615 F.3d at 169 (quoting Bolden v. City of Topeka, 441 F.3d 1129, 1143 (10th Cir. 2006)). Such prohibited review is present when the plaintiff seeks "to have the state-court decisions undone or declared null and void by the federal courts." Id. at 173. In this case, the Plaintiff requests that this Court enjoin the adoption proceedings on the basis of alleged legal errors on the part of the state court in rejecting his paternity claims. This, in essence, would require the review and rejection of the state court judgments which is prohibited under the fourth prong of the Rooker-Feldman doctrine.

For the foregoing reasons, the Defendants' Motion to Dismiss for lack of subject matter jurisdiction will be granted.

### IV. Conclusion

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW MCDONALD, on behalf of D.M., ) ) ) Plaintiff, ) ) v. ) ) AMY JONES and GREG PHILLIPS, of the ) Erie County Office of Children and Youth, ) ) Defendants. ) | Civil Action No. 09-186 Erie |

## **ORDER**

AND NOW, this 13th day of January, 2011, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. No. 12] is GRANTED.

The clerk is hereby directed to mark the case closed.

                                                s/ Sean J. McLaughlin
                                                United States District Judge

cm: All parties of record.